Michael J. Ross, OSB No. 914106
mjross@slaterross.com
SLATER ROSS ATTORNEYS
710 S.W. Madison Street, Suite 400
Portland, Oregon 97205
Tel: (503) 227-2024
Fax: (503) 224-7299

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

OREGON DISTRICT

PORTLAND DIVISION

| | |
|---|---|
| MICHEALYN SCHROEDER,<br>AMY PATTERSON,<br>WESLEY CORDOVA,<br>ELODIA GONZALEZ,<br>LYNZEE JOHNSON,<br>KYLEE LUNSFORD, and<br>MATTHEW PERRY,<br><br>Plaintiffs,<br><br>v.<br><br>WESTMONT LIVING, INC., dba,<br>NEAWANNA BY THE SEA,<br><br>Defendant. | Case No. 3:14-CV-1469<br><br>COMPLAINT<br><br><br>Jury Trial Demanded |

**JURISDICTION**

1.

Plaintiffs allege wage and hour claims under Federal and State law; Plaintiffs further allege employment discrimination claims under Federal and State Law. This Court has subject

Page 1: **COMPLAINT**

matter jurisdiction pursuant to 28 U.S.C. 1331, and supplemental jurisdiction pursuant to 28 U.S.C. 1367.

2.

Plaintiffs are residents of the State of Oregon. Defendant is a California corporation whose principal place of business is located in the State of California. The amount in controversy is in excess of $75,000.00, exclusive of costs and fees. This Court has jurisdiction pursuant to 28 U.S.C. 1332.

VENUE

3.

The events giving rise to Plaintiffs' claims occurred in Oregon. At all times, Defendant has maintained regular, sustained and substantial contacts within the State of Oregon. Pursuant to 28 U.S.C. 1391, venue is proper in the United States District Court for the District of Oregon.

COMMON ALLEGATIONS

4.

Plaintiffs were employed by Defendant to work at an assisted living facility known as Neawanna by the Sea, located in Seaside, Oregon. Defendant did not pay Plaintiffs for all of the hours they worked. Defendant's office manager, Lovella Burchfield (Burchfield), engaged in a systematic effort to reduce labor costs by altering the timekeeping records to either reduce or mischaracterize the hours worked by Plaintiffs, including but not limted to revising the time records to add lunch periods although the employees had worked without a lunch break, revising the time records to shave off hours worked past the employees normal schedule, failing to enter hours for double shifts that were recorded manually because the timekeeping system would not

Page 2: **COMPLAINT**

allow employees to punch back into work, and mischaracterizing work hours as training hours to avoid paying overtime.

5.

On or about August 18, 2014, Plaintiffs confronted Defendant's executive director, Ladonna Shadden (Shadden), regarding the failure pay them for hours worked. Plaintiffs provided Shadden with written statements regarding the missing hours from their most recent pay period. They informed Shadden that they needed to be paid for past work before engaging in future work. They also informed Shadden that they would be reporting their concerns regarding the working conditions and patient care to the appropriate authorities. Shadden responded by threatening to terminate Plaintiffs.

6.

Plaintiffs left the meeting with Shadden and proceeded to make reports to the Health Department, Senior and Disability Services, and the local police. Those complaints included concerns regarding sanitation of the facilities, lack of personal protective equipment, improper distribution of medication, inadequate patient care due to under staffing, and diverting supplies that were billed to medicare for individual patients. Those complaints resulted in the commencement of one or more investigations into Defendant's practices at Neawanna by the Sea.

7.

On or about August 19, 2014, Plaintiffs went to the Portland office of the Bureau of Labor and Industries (BOLI) to file a complaint. Plaintiff Lynzee Johnson (Johnson) called Shadden from BOLI to determine if and when Plaintiffs would be paid and could return to work.

Page 3: **COMPLAINT**

Johnson informed Shadden that Plaintiffs were at BOLI. Shadden informed Johnson that she had been terminated and her final check was in process. Plaintiffs passed the phone around as Shadden informed each of them that they had been terminated and their final checks were in process. Plaintiffs returned to Neawanna by the Sea to pick up their final paychecks, and were informed that they were not allowed back on the premises.[1] Defendant did not pay Plaintiffs for all wages due by end of the next business day, August 20, 2014. Plaintiffs received paychecks on August 25, 2014, which did not included all wages due. On or about August 25, 2014, Plaintiffs sent Defendant a written demand for unpaid wages, overtime wages, and penalty wages.

## CLAIM ONE

### (Oregon Wage and Hour)

8.

Plaintiffs reallege Paragraphs 1-7 above.

9.

Plaintiffs are entitled to recover unpaid wages, overtime wages and penalty wages pursuant to ORS 652.140 (wages due on termination), ORS 652.150 (penalty wages), ORS 653.025 (minimum wage), ORS 653.055 (civil claim), and ORS 653.261 (overtime).

//

//

//

---

[1] Plaintiff Amy Patterson (Patterson) was not present at BOLI, but was present with the other Plaintiffs when they attempted to pick up their final check and were excluded from the premises.

Page 4: **COMPLAINT**

## CLAIM TWO

### (Fair Labor Standards Act)

10.

Plaintiffs reallege Paragraphs 1-7 above.

11.

Plaintiffs entitled to recover unpaid wages, overtime wages and liquidated damages pursuant to 29 U.S.C. 206 (minimum wage), 29 U.S.C. 207 (overtime) and 29 U.S.C. 216 (civil claim).

## CLAIM THREE

### (Employment Discrimination - Oregon)

12.

Plaintiffs reallege Paragraphs 1-7 above.

13.

Plaintiffs were terminated by Defendant because they complained to Defendant about their unpaid wages; complained to the local and state authorities about working conditions and patient care, which they believed in good faith to be in violation local and state law; and complained to BOLI about unpaid wages and employment practices. Defendant's termination of Plaintiffs constituted an unlawful employment practice pursuant to ORS 652.355 (discrimination because of wage claim), ORS 653.060 (discrimination because of wage complaint), ORS 659A.199 (discrimination because of report of violation), and/or ORS 659A.865 (discrimination because of filing complaint).

//

Page 5: **COMPLAINT**

14.

Plaintiffs have suffered economic damages in the form of lost wages and non-economic damages in the form of emotional distress, and are entitled to recover said damages or statutory minimum damages pursuant to ORS 659A.885 (civil claim).

## CLAIM FOUR

### (Employment Discrimination - Federal)

15.

Plaintiffs reallege Paragraphs 1-7 above.

16.

Plaintiffs were terminated by Defendant because they complained about unpaid wages. Defendant's termination of Plaintiffs violated 29 U.S.C. 215 (discrimination because of wage complaint).

17.

Plaintiffs have suffered economic damages in the form of lost wages, and are entitled to recover said damages and liquidated damages pursuant to 29 U.S.C. 216 (civil claim).

## ATTORNEY FEES

18.

Plaintiffs are entitled to recover reasonable costs and attorney fees pursuant to ORS 652.200, ORS 653.055, ORS 659A.885, and 29 U.S.C. 216.

//

//

Page 6: **COMPLAINT**

WHEREFORE PLAINTIFFS PRAY FOR JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

A. For economic damages in an amount to be proven at trial;

B. For statutory penalties and liquidated damages;

C. For non-economic damages of $100,000.00 per Plaintiff;

D. For equitable relief as the Court deems just;

E. For pre/post-judgment interest; and

F. For costs, disbursements and attorney fees.

DATED: September 15, 2014

/s/ M. J. Ross
_____
Michael J. Ross, OSB No. 914106
Of Attorneys for Plaintiffs

Page 7: **COMPLAINT**